**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LAUREN MILLER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>URBAN OUTFITTERS, INC.<br><br>        Defendant. | CIVIL ACTION NO. |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Urban Outfitters, Inc. ("Defendant") hereby seeks the removal of the above-captioned action from the Superior Court of the Commonwealth of Massachusetts, Suffolk County, to the United States District Court for the District of Massachusetts.  This Court has original subject matter jurisdiction over Plaintiff Lauren Miller's lawsuit under the Class Action Fairness Act of 2005 ("CAFA"), because this matter was brought as a class action, diversity of citizenship exists between one or more members of the putative class and Defendant, the number of proposed class members exceeds 100 individuals, and the amount placed in controversy by Plaintiff's Complaint exceeds $5 million in the aggregate.

**I.      SUMMARY OF COMPLAINT**

1.      This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of class actions.  *See* 28 U.S.C. § 1453.

2.      On or about August 15, 2013, Plaintiff Lauren Miller ("Plaintiff") commenced this action against Defendant by filing a Complaint in the Superior Court for the Commonwealth of Massachusetts, captioned *Lauren Miller, individually and on behalf of all others similarly situated v. Urban Outfitters Inc.*, C.A. No. 13-13-2955.  A true and correct copy of the

Complaint filed with the Suffolk Superior Court in the state court action is attached hereto as Exhibit A.

3.     On or about August 20, 2013, Plaintiff served Defendant with copies of the Complaint in this action.

4.     Plaintiff purports to bring and maintain this action as a class action under Massachusetts Rule of Civil Procedure 23 and Massachusetts General Law ("Mass. Gen. L.") Chapter 93A, § 9(2).  Compl. ¶ 24.  Plaintiff seeks to represent the following class: "All persons whose ZIP codes were collected and recorded at any Urban Outfitters Massachusetts retail location while making a Credit Card purchase from August 15, 2009 through the present."  *Id.*

5.     Plaintiff seeks to recover all remedies available pursuant to Mass. Gen. L. c. 93A, § 9, including, but not limited to actual damages, statutory damages (to the extent they are greater than actual damages), double or treble damages, disgorgement of Defendant's profits derived from its allegedly unlawful activities, injunctive relief, attorneys' fees and other reasonable costs on behalf of the proposed class based on the following two causes of action: (1) unfair and deceptive acts or practices in violation of Mass. Gen. L. c. 93A, § 2 in the form of collecting and recording Plaintiff's ZIP code information for Defendant's own promotional and marketing purposes when Plaintiff made credit card purchases at its Massachusetts retail store locations, in violation of Mass. Gen. L. c. 93, § 105(a); and (2) unjust enrichment.  Compl. pp. 9-11 (Counts I-II).

6.     Plaintiff's Complaint is framed as a putative class action and seeks recovery for purported unfair and deceptive acts or practices under Massachusetts law.  Therefore, for purposes of this Notice of Removal, this matter is a class action as that term is defined pursuant

to 28 U.S.C. §§ 1332(d)(1)(B) and 1453.[1]

## II.     THE REMOVAL IS TIMELY

7.     Defendant has timely removed this action within thirty (30) days of service. Plaintiff served Defendant's agent for service of process in Massachusetts with the Complaint on August 20, 2013.  Because this Notice of Removal is filed within thirty (30) days of service of the Complaint on Defendant, it is timely under 28 U.S.C. §§ 1446(b) and 1453.

8.     No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III.    THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

9.     This Court has original jurisdiction based on diversity of citizenship under CAFA, because this matter was brought as a class action, diversity of citizenship exists between one or more members of the putative class and Defendant, the number of proposed class members is 100 or greater, and the amount placed in controversy by Plaintiff's Complaint, exceeds, in the aggregate, $5 million, exclusive of interest and costs.  28 U.S.C. §§ 1332(d), 1453.  No exception to the exercise of federal jurisdiction applies.  *See*, *e.g.*, U.S.C. § 1332(d)(4)(A)-(B).  Removal under diversity jurisdiction is therefore proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

### A.     Diversity of Citizenship Exists

10.     Plaintiff was at the time of the commencement of this action, and is now, a resident and citizen of the Commonwealth of Massachusetts.  Compl. ¶ 3.

11.     Defendant was at the time of the commencement of this action, and is now, a publicly traded company, incorporated in Pennsylvania, with its principal place of business in

---

[1] Defendant does not concede, and reserves the right to contest, Plaintiff's allegation that this lawsuit may properly proceed as a class action.

Philadelphia, Pennsylvania.  Compl. ¶ 4; Declaration of Joe Stratter ("Stratter Decl.") ¶ 2, attached hereto as Exhibit B.

12.     As a result, and for the purpose of 28 U.S.C. § 1332(a), there is complete diversity of citizenship between the parties.  28 U.S.C. § 1332(c)(1).

13.     In order to satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists – that is, that one putative class member is a citizen of a state different from that of Defendant.  28 U.S.C. § 1332(d)(2).

14.     Based on the above, at least one member of the putative class is a citizen of a state different from Defendant, as Plaintiff is a citizen of Massachusetts and Defendant is not a citizen of Massachusetts.  28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which any member of a class of plaintiffs is a citizen of a State different from any Defendant").

**B.     The Amount-In-Controversy Requirement Under CAFA Is Satisfied**

15.      Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs.  *See* 28 U.S.C. § 1332(d)(6).

16.     In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)."  Senate Judiciary Report, S. Rep. 109-14, at 42 (2005).

17.     Where, as here, a plaintiff does not expressly plead a specific amount of damages, a defendant must only show a reasonable probability that the amount in controversy exceeds $5 million.  *Sierra v. Progressive Direct Ins. Co.*, Civil Action No. 12-30020-FDS, 2012 WL 4572923, at *2 (D. Mass. Sept. 28, 2012).  Plaintiff's likelihood of success on the merits is

irrelevant to the question of the court's jurisdiction, as "the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Manson v. GMAC Mortg., LLC*, 602 F. Supp. 2d 289, 293 n. 6 (D. Mass. 2009). As "questions of removal are typically decided at the pleadings stage where little or no evidence has yet been produced, the issue should be resolved without an extensive fact-finding inquiry or 'mini-trial' about the amount in controversy." *Sierra*, 2012 WL 4572923 at *2.

18.     While Defendant denies Plaintiff's claims and denies that Plaintiff or the putative class she purports to represent is entitled to the relief for which she has prayed,[2] it is clear that, when the maximum potential values of the claims of Plaintiff and the putative class members are aggregated, the allegations within Plaintiff's Complaint "more likely than not" put into controversy an amount in excess of $5 million.

## 1.     Information Relevant To Amounts at Issue.

19.     Plaintiff's Complaint defines the class period as August 15, 2009 through the present.

20.     During the period of August 15, 2009 through the present, Defendant collected ZIP codes from its customers relating to and/or following more than 800,000 credit card transactions at Urban Outfitters retail stores in Massachusetts. Ex. B at ¶ 4.

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendant's reference to specific damages amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendant maintains that each of Plaintiff's claims is without merit and that Defendant is not liable to Plaintiff or the putative class she claims to represent. Defendant specifically denies that Plaintiff has suffered any damage as a result of any act or omission by Defendant. Moreover, Defendant specifically denies that Plaintiff provided an adequate written demand for relief to Defendant at least thirty days prior to the filing of her lawsuit as Mass. Gen. L. c. 93A, § 9(3) requires. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover these damages based upon the allegations contained in the Complaint or otherwise.

## 2. Plaintiff's Claim Under Mass. Gen. Law. c. 93A, § 9(2) Exceeds The $5 Million In Controversy Threshold.

21.     In her first cause of action, Plaintiff alleges that by collecting and recording

Plaintiff's and the putative class members' ZIP codes during credit card transactions at

Defendant's Massachusetts retail store locations, in violation of Mass. Gen. L. c. 93, § 105(a),[3]

Defendant engaged in unfair and deceptive acts or practices in violation of Mass. Gen. L. c. 93A,

§ 2.  Compl. pp. 4-5 (Count I).

22.     Defendant's calculation of the amount in controversy with respect to this

allegation is based on the statutory damages award of $25.00 for violations of Mass. Gen. L. c.

93A, § 9, multiplied by the number of instances in which Defendants collected ZIP codes

relating to and/or following a credit card transaction by a customer at Urban Outfitters retail

locations in Massachusetts from August 15, 2009 to the present (more than 800,000).  Based on

this information, the amount placed in controversy by Plaintiff based on the allegations

referenced in ¶ 21, *supra*, for alleged violations by Defendant of Mass. Gen. L. c. 93, § 105(a)

and Mass. Gen. L. c. 93A, § 9 exceeds $5 million (without doubling or trebling the amount under

Mass. Gen. L. c. 93A, § 9).

---

[3] Mass. Gen. L. c. 93, § 105(a) states:

> No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form. Personal identification information shall include, but shall not be limited to, a credit card holder's address or telephone number. The provisions of this section shall apply to all credit card transactions; provided, however, that the provisions of this section shall not be construed to prevent a person, firm, partnership, corporation or other business entity from requesting information is necessary for shipping, delivery or installation of purchased merchandise or services or for a warranty when such information is provided voluntarily by a credit card holder.

### 3.      Summary of Amount In Controversy

23.      Thus, although Defendant expressly denies Plaintiff's allegations and theories of recovery, and expressly denies that she or the putative class she purports to represent is entitled to any of the requested relief, the amount in controversy associated with Plaintiff's aggregated claims clearly exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2).

24.      This calculation of the amount in controversy does not take into account Plaintiff's additional cause of action or her demand for attorneys' fees.  *See Lenahan v. Dick's Sporting Goods, Inc.,* Civil Action No. 10-11832-RGS, 2010 WL 5092254 at *1 (D. Mass. Dec. 8, 2010) (stating that attorneys' fees are properly included in amount in controversy calculations); *Spielman v. Genzyme Corp.*, 193 F.R.D. 19, 21 (D. Mass. 2000) (finding that attorneys' fees can be included in the assessment of the amount in controversy when provided by statute).

25.      CAFA provides for two primary exceptions to the exercise of federal jurisdiction, the so-called "home-state" and "local controversy" exceptions.  *See* 28 U.S.C. §§ 1332(d)(4)(A)-(B).  Plaintiff bears the burden of proof as to the applicability of these exceptions.  *Manson,* 602 F. Supp. 2d at 295; S. Rep. No. 109-14 at 42 (exceptions to CAFA jurisdiction should be interpreted narrowly and doubts should be resolved "in favor of exercising jurisdiction over the matter").  Plaintiff cannot meet her burden of proving that either exception applies, particularly as Defendant is not a citizen of Massachusetts.  *See* ¶ 11, *supra.*

## IV.      THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

26.      As set forth above, this Notice of Removal is filed within thirty days of service of the Complaint upon Defendant.

27.     As Plaintiff originally filed this action in the Superior Court of the Commonwealth of Massachusetts, removal to the United States District Court for the District of Massachusetts is proper under 28 U.S.C. Section 1441(a).

28.     As required by 28 U.S.C. Section 1446(d), Defendant will provide notice of this removal to Plaintiff through her attorneys of record.

29.     As required by 28 U.S.C. Section 1446(d), a copy of this Notice will be filed with the Superior Court of the Commonwealth of Massachusetts.

30.     If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief in support of its position that this case is removable and that CAFA's limited exceptions to federal jurisdiction are inapplicable.

**WHEREFORE**, Defendant, desiring to remove this case to the United States District Court for the District of Massachusetts, prays that the filing of this Notice of Removal shall effect the removal of this action to this Court.

Dated: September 13, 2013                    Respectfully submitted,

                                             MORGAN LEWIS & BOCKIUS LLP


                                             By: /s/ Thomas J. Sullivan
                                                 Thomas J. Sullivan (BBO# 625030)
                                                 1701 Market Street
                                                 Philadelphia, PA 19103
                                                 Telephone: 215.963.5000
                                                 Facsimile: 215.963.5001
                                                 tsullivan@morganlewis.com

                                                 *Attorneys for Defendant*
                                                 *Urban Outfitters, Inc.*

## CERTIFICATE OF SERVICE

I, Lauren M. Palmero, hereby certify that, on September 13, 2013, I caused to be served a

true and correct copy of Defendant Urban Outfitters, Inc.'s Notice of Removal to be filed

electronically, and served via First Class mail on:

David Pastor, Esquire
63 Atlantic Avenue, 3rd Floor
Boston, Massachusetts 02110

Preston W. Leonard, Esquire
139 Charles Street, Suite A121
Boston, Massachusetts 02114


/s/ Lauren M. Palmero
Lauren M. Palmero