# SECOND AMENDED SETTLEMENT AGREEMENT AND RELEASE

This Second Amended Settlement Agreement and Release ("Agreement") is entered into by and between plaintiff Lauren Miller ("Plaintiff"), individually, and in her representative capacity on behalf of all others similarly situated on the one hand, and defendants Urban Outfitters, Inc. ("Urban Outfitters") and Free People of PA LLC ("Free People") (collectively, "Defendants") on the other hand.

## RECITALS

**WHEREAS** on or about August 15, 2013, Plaintiff filed a Complaint in the Commonwealth of Massachusetts Superior Court in which she alleged claims against Urban Outfitters for alleged violation of M.G.L. c. 93 sec 105(a) and unjust enrichment on behalf of all others similarly situated (the "Urban Outfitters Matter"). On or about March 26, 2014, Plaintiff filed a putative class action against Free People in the Commonwealth of Massachusetts Superior Court (the "Free People Matter") (together with the Urban Outfitters Matter, the "Actions");

**WHEREAS** Urban Outfitters and Free People removed the Actions to the United States District Court for the District of Massachusetts on September 13, 2013 and May 5, 2014 respectively;

**WHEREAS** the Parties conducted a factual investigation and analyzed the relevant legal issues with regard to the claims in, and potential defenses to, the Actions. Plaintiff and her counsel contend that the Actions have merit. Defendants and their counsel contend that the Actions do not have merit and that Defendants have defenses that could eliminate or reduce liability and monetary recovery in the Actions. The Parties also have each considered the uncertainties of trial and the benefits to be obtained under the proposed settlement and have considered the costs, risks, and delays associated with the continued prosecution of this time-consuming litigation and the likely appeals of any rulings in favor of either Plaintiff or Defendants;

**WHEREAS** the Parties engaged in arms-length negotiations, and on or about July 16, 2014, the Parties participated in an all-day mediation conducted by The Honorable Allan van Gestel (Ret.). With the assistance of Judge van Gestel, a settlement has been reached, which is embodied in this Agreement;

**WHEREAS** after the Parties executed a prior Settlement Agreement and Release on December 16, 2014, Urban Outfitters and Free People discovered a mistake in the number of Class Members within each sub-class. It was discovered that the Class was comprised of fewer Class Members than the original Settlement Agreement and Release set out. The Parties then executed an Amended Settlement Agreement and Release("Amended Settlement Agreement") on February 11, 2015, which included the corrected number of Class Members in Section 2.2 but was otherwise identical to the original Settlement Agreement and Release executed on December 16, 2014;

**WHEREAS** after the execution of the Amended Settlement Agreement, the Parties agreed to two modifications to the terms of the Certificates that are to be distributed pursuant to the Settlement, and this Second Amended Settlement Agreement and Release includes in Section 1.3 the modified terms that have been agreed to by the Parties. One additional change was made from the Amended Settlement Agreement which is to change the defined term "Merchandise Certificate" to "Certificate" in Section 2.2, to be consistent with the term as defined in Section 1.3

and as used elsewhere in this Agreement. Otherwise this Agreement is identical to the Amended Settlement Agreement and Release executed on February 11, 2015;

**WHEREAS** Defendants generally and specifically deny the allegations in the Actions that Plaintiff or the putative class has been damaged in any sum whatsoever, and that Plaintiff or the putative class is entitled to any relief;

**WHEREAS** the Parties recognize and agree that it is in their mutual best interests to resolve their differences as set forth herein. The Parties also recognize and agree that none admit to any wrongdoing and that the agreements and releases set forth below represent the Parties' compromise of disputed matters in order to avoid the delay and uncertainties of litigation and the further disruption and expense of the Actions;

**WHEREAS** the Parties wish to fully, finally, and completely resolve all claims, causes of action, demands, liabilities, losses and damages of any kind, known or unknown, as defined in this Agreement, including Plaintiff's rights to be compensated for such claims and the propriety of injunctive relief.

**NOW, THEREFORE,** in exchange for the mutual covenants and promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

## AGREEMENT

In consideration of the covenants and agreements set forth herein, Plaintiff, the Class, and Defendants, themselves and through their undersigned counsel, agree to settle the Actions and Claims, subject to Court approval, under the following terms and conditions.

**1.** **DEFINITIONS.** Unless otherwise indicated above, the following shall be defined terms for purposes of this Agreement. Some definitions use terms that are defined later in the section.

**1.1.** The term **"Claims"** means the claims set out or the claims that could have been set out in the Complaints filed in the Commonwealth of Massachusetts Superior Court alleging violations of M.G.L. c. 93 sec. 105(a) and unjust enrichment.

**1.2.** The term **"Defendants' Counsel"** means Thomas J. Sullivan and the law firm of Morgan, Lewis & Bockius, LLP.

**1.3.** The term **"Certificate(s)"** refers to a fully transferable merchandise certificate issued by Urban Outfitters and/or Free People that shall be valid for a credit of either twenty dollars ($20.00) or ten dollars ($10.00), depending upon the sub-class to which each Class Member belongs. The Certificates may be redeemed at any Urban Outfitters or Free People retail store. No minimum or maximum purchase amount is required to use the Certificates, but they cannot be redeemed for cash back, and any remaining balance not used in a single, eligible transaction shall be forfeited and used towards Settlement Implementation Costs as described in Section 2.6 of this Agreement. No monetary refund, cash, or change of any kind shall be provided for all or any portion of the Certificate's value. The Certificates are not gift cards or gift certificates, and cannot be replaced or redeemed if lost or stolen. The Certificates are not redeemable for gift cards or prior purchases. The Certificates cannot be redeemed as cash or merchandise credit if merchandise is returned. Only one (1) Certificate may be used per transaction, and the Certificates shall expire twelve (12) months after issuance. Copies of the Certificates will not be accepted. The Certificates shall be immediately available for Class Members' redemption upon receipt. The Certificates may be used on sale items and may be combined with other discount programs, promotional coupons or Certificates.

**1.4.** The term **"Class"** means those persons who are members of the First Time Collection Class and/or the Previous Collection Class who have not properly and timely opted out of the Action.

**1.5.** The term **"Class Member"** means any person who is included in the Class.

**1.6.** The term **"Class Notice"** means the Class Notice of the proposed Settlement terms, as approved by Plaintiff's Counsel, Defendants' Counsel, and the Court to be provided pursuant to Section 3.2 of this Agreement.

**1.7.** The term **"Class Representative"** means Plaintiff Lauren Miller in her representative capacity on behalf of the Class.

**1.8.** The term **"Court"** means the United States District Court for the District of Massachusetts.

**1.9.** The term **"Fairness Hearing"** means the hearing at or after which the Court will make a final decision whether to approve this Agreement as fair, reasonable and adequate.

**1.10.** The term **"Final Judicial Approval"** means the date upon which any of the following events occurs: (1) the expiration of the time for filing an appeal if there are any objections filed by any Class Member; (2) the conclusion of any appeal taken if there are any objections filed by any Class Member; (3) the withdrawal of the last objection to the Settlement; or (4) the entry of the Final Order if there are no objections filed by any Class Member.

**1.11.** The term **"Final Order"** means the order approving the Settlement and this Agreement.

**1.12.** The term **"First Time Collection Class"** means those persons identified in Section 2.2 of this Agreement to whom Defendants mailed marketing materials after collecting their zip codes for the first time following a credit card purchase transaction in a Massachusetts retail store between 2009 and 2013.

**1.13.** The term **"General Release"** means the release identified in Section 4.6 of this Agreement.

**1.14.** The term **"Parties"** means Defendants and Plaintiff Lauren Miller, individually and in her representative capacity on behalf of the Class.

**1.15.** The terms **"Plaintiff's Counsel"** and **"Class Counsel"** mean Todd S. Garber and the law firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP; David Pastor and the law firm of Pastor Law Office LLP, and Preston W. Leonard and the law firm of Leonard Law Office P.C.

**1.16.** The term **"Preliminary Approval Order"** means the order certifying the Class for Settlement purposes only, approving the proposed Class Notice, and setting the date and time of the Fairness Hearing.

**1.17.** The term **"Previous Collection Class"** means those persons identified in Section 2.2 of this Agreement who provided their zip codes when they ordered merchandise over the telephone, internet, or by mail prior to providing their zip codes to Defendants in connection with a credit card purchase transaction in a Massachusetts retail store between 2009 and 2013 and to whom Defendants mailed marketing materials.

**1.18.** The term **"Released Claims"** shall mean the claims identified in Section 4.5 of this Agreement.

**1.19.** The term **"Released Parties"** shall mean the parties identified in Section 4.5 of this Agreement.

**1.20.** The term **"Settlement"** means the settlement of the Action and related claims effectuated by this Agreement.

**2. SETTLEMENT TERMS.**

**2.1. Certification of the Class.** For the purposes of the Settlement only and the proceeding contemplated herein, the Parties stipulate and agree that: (1) the Class shall be certified in accordance with the definition contained in Section 1.4 above; (2) Plaintiff shall represent the Class for settlement purposes and shall be the Class Representative; and (3) Plaintiff's Counsel shall be appointed as Class Counsel.

**2.2. Award to the Class.** The Class shall be divided into two sub-classes. The two sub-classes shall consist of customers from whom Defendants requested and recorded a zip code following a credit card purchase transaction in a Massachusetts retail store between 2009 and 2013 and to whom Defendants mailed marketing materials.

The first sub-class (the "First Time Collection Class") shall include 32,593 Urban Outfitters customers and 2,387 Free People customers to whom Defendants sent marketing materials after collecting their zip codes for the first time following a credit card purchase transaction in a Massachusetts retail store between 2009 and 2013 and who are not members of the Previous Collection Class (defined below). Class Members in the First Time Collection Class shall receive a Twenty Dollar ($20.00) Certificate.

The second sub-class (the "Previous Collection Class") shall include 2,916 Urban Outfitters customers and 242 Free People customers who provided their zip codes when they ordered merchandise over the telephone, internet, or by mail prior to providing their zip codes to Defendants following a credit card purchase transaction in a Massachusetts retail store between 2009 and 2013 and to whom Defendants sent marketing materials. Class members in the Previous Collection Class shall receive a Ten Dollar ($10.00) Certificate.

All Class Members shall receive Class Notice pursuant to Section 3.2 below. Defendants will distribute the Class Notice and Certificates via email or U.S. Mail, as described in Sections 3.2 and 3.7 of this Agreement.

**2.3. Compliance with all laws.** Defendants agree to comply with all the provisions of M.G.L. c. 93 sec. 105(a) in its Massachusetts retail stores.

**2.4. Incentive Award to Class Representative.** The Parties agree that the Class Representative shall be entitled to an incentive award of Two-Thousand and Five-Hundred Dollars ($2,500.00) for the Urban Outfitters Matter and an incentive award of Two-Thousand Five-Hundred Dollars ($2,500.00) for the Free People Matter in recognition of the amount of time and effort spent by Plaintiff as the Class Representative. This amount was determined to be appropriate only after an agreement had been reached on the award to the Class and other terms of this Agreement. The Parties agree that Plaintiff will request an incentive award of no more than Two-Thousand Five-Hundred Dollars ($2,500.00) for the Urban Outfitters Matter and an incentive award of no more than Two-Thousand Five-Hundred Dollars ($2,500.00) for the Free People Matter, to which Defendants will not object, to be approved by the Court. Accordingly, in the event this Agreement receives Final Judicial

Approval, and the incentive award is approved by the Court, Urban Outfitters and Free People shall each pay within fifteen (15) calendar days thereafter the incentive award of Two-Thousand Five-Hundred Dollars ($2,500.00) to the Class Representative. Said payment shall be made payable to Lauren Miller and sent to David Pastor, Pastor Law Office LLP, 63 Atlantic Avenue, 3rd Floor, Boston, Massachusetts 02110. In the event the incentive award is not approved by the Court, the rest of this Agreement shall remain in full force and effect.

**2.5. Attorneys' Fees and Costs.** The Parties agree that Class Counsel shall be entitled to total fees and costs for the Actions in the amount of Two-Hundred Thousand Dollars ($200,000.00) to be paid by Defendants (the "Fees Award"). This amount was determined to be appropriate only after an agreement had been reached on all Class Settlement terms. The Parties agree that Class Counsel will request attorneys' fees and costs of no more than Two-Hundred Thousand Dollars ($200,000.00), to which Defendants will not object, to be approved by the Court. Accordingly, in the event this Agreement receives Final Judicial Approval, and the attorneys' fees and costs are approved by the Court, Defendants shall pay within ten (10) calendar days thereafter the attorneys' fees and costs of Two-Hundred Thousand Dollars ($200,000.00) to Class Counsel. Said payment may be payable by wire transfer. Said payment shall be made to Pastor Law Office, LLP, on behalf of Class Counsel, and Pastor Law Office, LLP shall have the responsibility to distribute such payment of fees and costs to any other attorney or law firm that may claim entitlement to fees and costs under this Agreement. In the event the attorneys' fees and costs are not approved by the Court, the rest of this Agreement shall remain in full force and effect.

**2.6. Settlement Implementation Costs.** Defendants shall bear all costs of providing Class Notice in the manner set forth in Section 3.2 below of this Agreement and all costs associated with administration of the Settlement.

**3. CLASS SETTLEMENT PROCEDURES.**

**3.1. Settlement Approval.** Plaintiff shall file a Notice of Settlement and an application for a Preliminary Approval Order requesting the Court to approve this Agreement as fair, reasonable and adequate, approving the content and method of Class Notice, and setting the date and time of the Fairness Hearing.

**3.2. Class Notice.** Subject to Court approval, the Parties agree that after entry of the Preliminary Approval Order, Defendants will provide the Class with Notice of the proposed Settlement by the following methods:

(a) Defendants will distribute the Class Notice to Class Members via email or U.S. mail beginning no more than thirty (30) calendar days after the entry of the Preliminary Approval Order;

(b) Internet posting by Defendants of the Class Notice on a website to be approved by Class Counsel, such approval not to be unreasonably withheld, beginning no more than forty-five (45) calendar days after entry of the Preliminary Approval Order for sixty (60) days.

(c) If an email is returned as undeliverable, Defendants will distribute the Class Notice and the Certificate to the Class Member by U.S. Mail. If U.S. Mail is returned with a forwarding address, Defendants will distribute the Class Notice to the forwarding address via U.S. mail.

**3.3. Proof of Notice.** No later than fifteen (15) court days before the Fairness Hearing, Defendants will file with the Court and serve upon Plaintiff's Counsel a declaration confirming that the Class Notice has been provided in accordance with Section 3.2 of this Agreement.

**3.4. Objections.** Any Class Member who wishes to object to the Settlement must mail a written objection to Defendants' Counsel and serve a copy on Class Counsel within thirty (30) days after the Class Notice is published. The objection must set forth, in clear and concise terms, the legal and factual arguments supporting the objection. Unless otherwise requested by the Court, Class Members shall not be entitled to speak at the Fairness Hearing unless they have submitted a timely written objection pursuant to this paragraph and indicating their intent to appear at the Fairness Hearing.

**3.5. Exclusion from the Class.** The Class Notice shall inform Class Members of their right to elect not to be part of the Class and not to be bound by this Agreement, provided that the affected person mails a request for exclusion from the Class to Defendants' counsel at the following address within thirty (30) days after the Class Notice is distributed, with a copy to Class Counsel: Morgan, Lewis & Bockius, LLP, c/o Thomas J. Sullivan, 1701 Market Street, Philadelphia, PA 19103. No later than ten (10) court days prior to the Fairness Hearing, Defendants shall prepare a list of the persons who, pursuant to the Class Notice, have excluded themselves from the Class in a valid and timely manner and shall deliver that list to Class Counsel.

**3.6. No Solicitation of Settlement Objections or Exclusions.** The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit written objections to the Settlement or to request exclusion from the Class, or to encourage persons to appeal from the Court's Final Judgment.

**3.7. Distribution of Certificates.** After Final Judicial Approval of the Settlement, Defendants will provide the Class with the Certificates by the following methods:

(a) Defendants will distribute the Certificates to Class Members via email or U.S. mail beginning no more than thirty (30) calendar days after Final Judicial Approval;

(b) If an email is returned as undeliverable, Defendants will distribute the Class Notice and the Certificate to the Class Member by U.S. Mail. If U.S. Mail is returned with a forwarding address, Defendants will distribute the Class Notice to the forwarding address via U.S. mail.

## 4. FINAL JUDGMENT AND RELEASES.

**4.1. Preliminary Settlement Hearing.** Plaintiff will move the Court for the entry of a Preliminary Approval Order and for approval of proposed forms of all notices and other documents necessary to implement the Settlement.

**4.2. Approval of this Agreement.** The Parties will jointly take all necessary and appropriate steps to secure the Court's approval of this Agreement, with Class Counsel to prepare and submit all briefs to the Court. No later than fourteen (14) days before the Fairness Hearing, Class Counsel shall file a motion for an Order granting final approval of this Agreement and a Judgment in favor of Plaintiff and the Class, together with any supporting papers.

**4.3. Order and Judgment.** The Judgment shall provide for Plaintiff and the Class to take according to this Agreement and nothing else and shall include provisions that the Action is concluded pursuant to the entry of the Judgment. Notwithstanding the conclusion of the Action, the Parties stipulate that the Judgment will include a provision for the Court to retain jurisdiction to enforce this Agreement.

**4.4. Effect of Agreement if Settlement Is Not Approved.** This Agreement was entered into only for the purpose of Settlement. For whatever reason, should the Settlement not be approved, not be implemented in its entirety, or not become final, the fact that the Parties were willing to stipulate to class certification for purposes of this Settlement shall have no bearing on, and shall not be admissible in connection with, the issue of whether a class should be certified in a non-settlement context in this Action or any other action or proceeding. Defendants expressly reserve their right to oppose class certification should this Settlement not become final.

**4.5. Release of Defendants by All Class Members.** Effective upon the date of Final Judicial Approval, Plaintiff and each member of the Class, and each of their, his, or her, as the case may be, respective successors, assigns, legatees, heirs, parents, divisions, subsidiaries, affiliates, predecessors, partners, successors, assigns, officers, directors, shareholders, employees, investigators, attorneys, contractors, subcontractors, agents, insurers and representatives and all persons acting by, through, under or in concert with them, or any of them, releases and forever discharges Defendants, and each of their past and present parents, divisions, subsidiaries, affiliates, predecessors, partners, successors, assigns, officers, directors, shareholders, employees, investigators, attorneys, contractors, subcontractors, agents, insurers and representatives and all persons acting by, through, under or in concert with them, or any of them (the "Released Parties"), from the Actions, including, without limitation, from any and all claims, rights, demands, actions, obligations, damages, liabilities, and causes of action of any and every kind, nature and character whatsoever, whether based in tort, contract, statute or on any other theory of recovery, whether known or unknown, and whether for equitable relief, statutory penalties, compensatory or punitive damages, which Plaintiff or each member of the Class ever had or could have asserted against the Released Parties arising out of or relating to any and all alleged requests for and recording of personal identification information, including, but not limited to, violations of M.G.L. c. 93 sec. 105(a) and c. 93A sec 9 and unjust enrichment (collectively, the "Released Claims"). This Agreement sets forth the sole and exclusive remedies for any Released Claims of the Class Members. No court or arbitrator may award damages of any kind, including compensatory, punitive or multiple damages, with respect to any such claim, and no Class Member may serve as a representative plaintiff with respect to such a claim or remain in any action or permit himself to be represented by a third party in any action in which such a claim is asserted.

**4.6. General Release of Defendants by Plaintiff.** In addition to the releases made by the Class Members set forth in Section 4.5 of this Agreement above, effective upon the date of Final Judicial Approval, Plaintiff makes the additional following general release of all claims, known or unknown. Plaintiff releases and forever discharges the Released Parties, as defined above, from all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, including without limitation, from any and all claims, rights, demands, actions, obligations, damages, liabilities, and causes of action of any and every kind, nature and character whatsoever, whether based in tort, contract, statute, rule, or regulation, or on any other theory of recovery, whether known or unknown, and whether for equitable relief, statutory penalties, compensatory or punitive damages, arising out of, relating to, or in connection with any act or omission by or on the part of any of the Released Parties committed or omitted prior to the

execution hereof. (The release set forth in this Section 4.6 shall be referred to hereinafter as the "General Release.") The General Release includes any unknown claims Plaintiff does not know or suspects to exist in her favor at the time of the General Release, which, if known by her, might have affected her settlement with, and release of, the Released Parties by Plaintiff or might have affected her decisions not to object to this Settlement or the General Release. With respect to the General Release, Plaintiff stipulates and agrees that, effective upon the date of Final Judicial Approval, Plaintiff shall be deemed to have, and by operation of the Final Order shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Massachusetts law, or any other similar provision under federal or state law (including but not limited to California Civil Code Section 1542), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff may hereafter discover facts in addition to or different from those she now knows or believes to be true with respect to the subject matter of the General Release, but Plaintiff, effective upon the date of Final Judicial Approval, shall be deemed to have, and by operation of the Final Order shall have, fully, finally, and forever settled and released any and all of the claims released pursuant to the General Release whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

4.7. **Defendants' Release of Plaintiff, the Class, and Plaintiff's Counsel.** Effective upon the date of Final Judicial Approval, Defendants release and forever discharge, Plaintiff, the Class, and Class Counsel and each of their, his, or her, as the case may be, respective successors, assigns, legatees, heirs, parents, divisions, subsidiaries, affiliates, predecessors, partners, successors, assigns, officers, directors, shareholders, employees, investigators, attorneys, contractors, subcontractors, agents, insurers and representatives and all persons acting by, through, under or in concert with them, or any of them from any and all claims relating to the institution or prosecution or settlement of the Actions, as well as any and all claims for contribution, indemnification, or any other claims relating to the Award to the Class pursuant to Section 2.2 above.

5. **ADDITIONAL PROVISIONS.**

5.1. **No Admission of Liability or Wrongdoing.** This Agreement reflects the compromise and settlement of disputed claims between the Parties. Its constituent provisions, and any and all drafts, communications and discussions relating thereto, shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law (including, but not limited to, matters respecting class certification) by any person or entity, and shall not be offered or received in evidence or requested in discovery in the Action or any other action or proceeding as evidence of an admission or concession. Defendants denied and continue to deny each of the claims and contentions alleged by Plaintiff in the Claims. Defendants have repeatedly asserted and continue to assert defenses thereto, and have expressly denied and continue to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Claims.

5.2. **Investigation.** The Parties have conducted significant investigation of the facts and law during the pendency of this Action. Such informal and formal discovery and investigation have included, *inter alia*, the exchange of information between the Parties and numerous meetings and conferences between representatives of the Parties. Counsel for the Parties have further investigated the applicable law as applied to the facts discovered with respect to the alleged claims of the class and potential defenses thereto, and the damages that could be claimed by the class.

5.3. **Fair, Adequate and Reasonable Settlement.** The Parties believe this Settlement is fair, adequate, and reasonable, and arrived at this Settlement in arms-length negotiations, taking into account all relevant factors, present and potential.

5.4. **Real Parties in Interest.** In executing this Agreement, the Parties warrant and represent that they, including Plaintiff Lauren Miller in her representative capacity on behalf of the Class, are the only persons having any interest in any of the claims that are described or referred to herein, or in any of the pleadings, records, and papers in the Action, and, except as provided herein, neither said claims nor any part thereof have been assigned, granted or transferred in any way to any other person, firm or entity.

5.5. **Voluntary Agreement.** This Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of the Parties, or of any other person, firm or entity.

5.6. **Binding on Successors.** This Agreement shall bind and inure to the benefit of the respective successors, assigns, legatees, heirs, and personal representatives of each of the Parties.

5.7. **Parties Represented by Counsel.** The Parties acknowledge that they have been represented in negotiations for and in the preparation of this Agreement by independent counsel of their own choosing, that they have read this Agreement and have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Agreement and of its legal effect.

5.8. **Authorization.** Each of the Parties warrants and represents that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released herein and, further, that each party is fully entitled and duly authorized to give this complete and final general release and discharge.

5.9. **Construction and Interpretation.** Neither the Parties nor any of the Parties' respective attorneys shall be deemed the drafter of this Agreement for purposes of interpreting any provision hereof in any judicial or other proceeding that may arise between or among them.

5.10. **Headings.** The various headings used in this Agreement are solely for the convenience of the Parties and shall not be used to interpret this Agreement.

5.11. **Exhibits.** Any exhibit to this Agreement is an integral part of the Agreement and Settlement and is incorporated and made a part of this Agreement.

5.12. **Modifications and Amendments.** No amendment, change or modification of this Agreement or any part thereof shall be valid unless in writing and signed by the Parties.

5.13. **Entire Agreement/No Representations.** This Agreement and any attached Exhibits constitute the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. In addition, the Parties represent and warrant that they are not relying on any representations, warranties or statements, oral or otherwise, not contained in this Agreement.

**5.14. Governing Law.** This Agreement is entered into in accordance with the laws of the Commonwealth of Massachusetts and shall be governed by and interpreted in accordance with the laws of the Commonwealth of Massachusetts, without regard to its conflict of law principle.

**5.15. Further Assurances.** The Parties shall execute and deliver any and all additional papers, documents and other assurances and shall do any and all acts or things reasonably necessary in connection with the performance of its, her, or his, as the case may be, obligations hereunder to carry out the express intent of the Parties.

**5.16. Execution Date.** This Agreement shall be deemed executed upon the last date of execution by all of the undersigned.

**5.17. Continuing Jurisdiction.** The Court shall retain jurisdiction over the interpretation, effectuation, and implementation of this Agreement.

**5.18. Counterpart.** This Agreement may be executed in two or more counterparts, which together shall constitute one and the same instrument.

**5.19. Severability.** Should any paragraph, sentence, clause or provision of this Agreement be held invalid or unenforceable, such provision shall be ineffective to the extent of such invalidity or unenforceability, without invalidating the remainder of such provision or the remaining portions of this Agreement.

**5.20. Confidentiality.** It is further understood and agreed and made a part hereof, that all negotiations leading up to this Agreement, and all information, records or documentation (whether verbal, written or electronic) provided by the Parties in connection with the Action or this Agreement, shall be kept strictly confidential by the Parties and their counsel, and they shall not disclose, publicize, disseminate, or encourage or permit any person or entity, to disclose, publicize or disseminate any fact with respect to the negotiations or investigation leading up to this Agreement.

Notwithstanding the foregoing, the Parties agree that any information relating to the terms and conditions of this Agreement shall not be disclosed or used in connection with any other claims or investigations relating to Defendants' collection of personal identification information.

The Parties further agree that, upon receipt of any subpoena or notice of any proceeding to obtain a court order seeking to compel a party's testimony or the production or documents relating to this Agreement, such party shall, within five (5) calendar days thereof, and in any event within a reasonable period of time prior to the time within which production or testimony is required by the terms of said subpoena or court order, provide written notice to the Parties' counsel of any such request to disclose. The Parties shall use their best efforts to prevent any further dissemination or publication of the information disclosed. In the event that the Parties receive an inquiry from any third-party concerning the existence, terms or conditions of this Agreement or the negotiations leading up to this Agreement, the Parties may disclose to such third-party only that the parties have "settled their differences and decline further comment." In addition, the terms of this Agreement and all negotiations concerning this Agreement shall be deemed within the protection afforded to compromises and offers to compromise under Rule 408 of the Federal Rules of Evidence and any analogous state laws and principles. Nothing in this Agreement shall constitute precedent or evidence in any other proceeding, with the exception that this Agreement shall be admissible in any proceeding to enforce the terms hereof.

5.21. **Class Representative's Waiver of Right to be Excluded and Object.** The Class Representative agrees to sign this Agreement and by signing this Agreement is bound by the terms herein stated, and further agrees not to request to be excluded from the Class and agrees not to object to any of the terms of this Agreement. Any such request for exclusion or objection shall therefore be void and of no force or effect.

**PLEASE READ THIS DOCUMENT CAREFULLY. THIS AGREEMENT INCLUDES A SPECIFIC RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

AGREED AND ACCEPTED:

*Todd S. Garber (DM)*
Todd S. Garber
Attorney for Lauren Miller
Finkelstein, Blankinship, Frei-Pearson & Garber, LLP
1311 Mamaroneck Avenue, Suite 220
White Plains, NY 10605

David Pastor
Pastor Law Office LLP
63 Atlantic Avenue, 3rd Floor
Boston, Massachusetts 02110

Preston W. Leonard
Leonard Law Office P.C.
63 Atlantic Avenue, 3rd Floor
Boston, Massachusetts 02110

Date: 7/14/15

AGREED AND ACCEPTED:
LAUREN MILLER

Lauren miller (Jul 13, 2015)

11

Date: _____

AGREED AND ACCEPTED:

_____
Thomas J. Sullivan
Attorney for Urban Outfitters, Inc. and Free People of PA LLC
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103

Date: July 13, 2015

AGREED AND ACCEPTED:
URBAN OUTFITTERS, INC.

By: _____

Date: 7/9/15

AGREED AND ACCEPTED:
FREE PEOPLE OF PA LLC

By: _____

Date: 7/9/15