UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAUREN MILLER, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br>v.<br><br>URBAN OUTFITTERS, INC.,<br>       Defendant. | C.A. No: 1:13-CV-12276-ADB |
| LAUREN MILLER, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br>v.<br><br>FREE PEOPLE, LLC and FREE PEOPLE OF PA LLC,<br><br>       Defendants. | C.A. NO: 1:13-CV-12018-ADB |

**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT**

  On July 15, 2015, the Court entered an Order (1) preliminarily approving the parties' class action settlement of the above-captioned actions, (2) directing notice to the Class Members; and (3) setting a final fairness hearing for November 10, 2015 (Dkt. No. 51).

  On November 10, 2015, Counsel for all parties appeared before the Court and represented that, to date, they had received no objections to the proposed settlement, nor had any Class Member elected to "opt out" of the settlement. Further, no one appeared at the fairness hearing to object to the fairness of the settlement. Also at the November 10, 2015 hearing, the parties were heard on Plaintiff's Assented-To Motion for Final Approval of

Proposed Class Settlement (Dkt. No. 59), and Plaintiff's Unopposed Motion for Attorney's Fees (Dkt. No. 54).

After reviewing Plaintiff's Motions and supporting papers, including the memoranda in support (Dkt. Nos. 60, 62), the Declarations of Michael D. Silbert (Dkt. No. 53), David Pastor (Dkt. No. 56), Todd S. Garber (Dkt. No. 57), and Preston W. Leonard (Dkt. No. 58), and the parties' Second Amended Settlement Agreement and Release (the "Settlement Agreement") (Dkt. No. 50), and after considering the oral arguments of counsel, the Court hereby ALLOWS Plaintiff's Motion for Final Approval (Dkt. No. 59), and Plaintiffs' Motion for Attorneys' Fees (Dkt. No. 54), for the reasons set forth in this Order.

**FINDINGS:**

1. Unless otherwise specified, defined terms in this Order have the same definition as the terms in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of these Actions, all Parties to the Actions, and all Class Members who have not timely and validly requested exclusion.

3. Notice was provided to Class Members in compliance with Section 3.2 of the Settlement Agreement, Federal Rule of Civil Procedure 23, and due process. The notice: (i) fully and accurately informed Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Class Members were able to decide whether to request exclusion from, object to, or participate in the proposed settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date and place of the Fairness Hearing.

4. Defendants gave notice pursuant to 28 U.S.C. § 1715(b) and the notice substantively complies with the requirements of 28 U.S.C. §1715(b) and was sent to

the appropriate state and federal officials.

5. For the reasons stated in the Order for Preliminary Approval of Class Settlement Agreement, Directing Notice to the Class, and Scheduling Fairness Hearing (Dkt. No. 51), and having found nothing that would disturb these previous findings, this Court finds and determines that the proposed Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only.

6. To date, the Parties have adequately performed their obligations under the Settlement Agreement.

7. Upon review of the record, the Court hereby finds that the terms and provisions of the Settlement Agreement have been entered into in good faith and are fair, reasonable, and adequate as to, and in the best interest of, each of the Class Members, and in full compliance with all applicable requirements of law. With respect to the determination that the Settlement is fair, reasonable, and adequate, the Court specifically notes that whether the outcome on the merits would result in a ruling in Plaintiff's and the Class's favor was uncertain, the Settlement was reached through negotiations with experienced and informed counsel with the assistance of a mediator, and the terms of the Settlement reflect substantial benefits to the Class in light of the circumstances of the Actions.

8. An incentive award to Plaintiff Lauren Miller of $5,000 total (consisting of $2,500.00 for the *Urban Outfitters* Matter and $2,500.00 for the *Free People* Matter) is fair and reasonable in light of: (a) Plaintiff's risks (including financial, professional, and emotional) in commencing these Actions as the class representative; (b) the time and effort spent by Plaintiff in litigating the Actions as the class representative; and (c) Plaintiff's public interest service.

9. An award of $200,000 (total) in attorneys' fees and costs to Class Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience and efforts

3

in prosecuting these Actions, and the benefits obtained for the Class.

10. In making this award of attorneys' fees and costs and expenses, the Court has considered and found that:

    (a) The Settlement provides direct, immediate and tangible economic benefits to the Class members;

    (b) Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

    (c) The Actions involved complex legal and factual issues. But for the Settlement, the litigation would involve further lengthy proceedings, at considerable risk to the Class, and with uncertain resolution of the legal and factual issues;

    (d) Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class Representative and the Class may have recovered less or nothing from Defendants;

    (e) The requested award of attorneys' fees, costs, and expenses, is fair, reasonable, and consistent with awards in similar cases;

    (f) The requested award of attorneys' fees will not in any way diminish the recovery of the Class, and is unopposed by Defendants; and

    (g) The requested award of attorneys' fees is amply supported by the law of the Commonwealth of Massachusetts and falls well within the range of attorneys' fees and expenses awarded by courts within Massachusetts using the lodestar/multi-factor methodology.

**IT IS ORDERED THAT:**

1. **Class Members**: The Class Members are defined as:

    (1) all persons to whom Urban Outfitters and Free People sent marketing materials after collecting their ZIP codes for the first time following a credit card purchase transaction in a Massachusetts Urban Outfitters retail store between August 15, 2009 and July 15, 2015 or in a Massachusetts Free People retail store between March 26, 2010 and July 15, 2015 and who are not members of the Previous Collection Class (defined as follows) (the "First Time Collection Class"); and (2) all persons who provided their ZIP codes when they ordered merchandise over the telephone, internet, or by mail prior to providing their ZIP codes to Urban Outfitters and Free People following a

>credit card purchase transaction in a Massachusetts Urban Outfitters retail store between August 15, 2009 and July 15, 2015 or in a Massachusetts Free People retail store between March 26, 2010 and July 15, 2015 (the "Previous Collection Class").

2. **Binding Effect of Order**. This order applies to all claims or causes of action settled under the Settlement Agreement, and binds all Class Members. This order does not bind persons who filed timely and valid requests for exclusion. The Court is not aware of any person that has requested exclusion from the Class.

3. **Release.** Plaintiff and all Class Members are: (1) deemed to have released and discharged Defendants from all claims arising out of or asserted in these Actions and claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in paragraphs 4.5 and 4.6 of the Settlement Agreement and are specifically incorporated herein by this reference.

4. **Class Relief.** Defendants shall issue a $20.00 Merchandise Certificate to each member of the First Time Collection Class and shall issue a $10.00 Merchandise Certificate to each member of the Previous Collection Class, as provided in the Settlement Agreement. The Merchandise Certificates ("Certificates") shall be issued to Class Members in the following manner: Defendants will distribute the Certificates to Class Members beginning no later than thirty (30) calendar days after Final Judicial Approval. For all Class Members for whom Defendants have a physical mailing address, Defendants shall first attempt to distribute the Certificates via U.S. mail. For any Class Member for whom Defendants do not have a physical mailing address, Defendants shall distribute the Certificates via e-mail. If any Class Member's physical mailing is returned with a forwarding address, Defendants shall re-issue the Certificate to the forwarding address via U.S. mail. For any Class Member whose physical

mailing is returned without a forwarding address, Defendants shall attempt to distribute that Class Member's Certificate via email, if Defendants have an email address for that Class Member on record.  Further, no later than thirty (30) calendar days after Final Judicial Approval, and continuing for 120 days after Final Judicial Approval, Defendants shall publish a Settlement Notice on the settlement website(s). The Settlement Notice shall (1) inform Class Members that this class-action settlement has been approved by the Court; (2) define the Class; (3) describe the terms of the settlement; (4) explain that Merchandise Certificates will be distributed to known Class Members via U.S. mail or e-mail; and (4) inform Class Members that if they believe they are a Member of the Class, but have not received a Merchandise Certificate, they may contact Class Counsel directly.

     5.     **Incentive Award.**  Plaintiff Lauren Miller is awarded $5,000.00 as an incentive award.  Payment shall be made pursuant to the timeline stated in Paragraph 2.4 of the Settlement Agreement.

     6.     **Attorneys' Fees and Costs**.  Class Counsel are awarded $200,000 (total) in fees and costs.  Payment shall be made pursuant to the timeline stated in Paragraph 2.5 of the Settlement Agreement.

     7.     **Court's Jurisdiction**.  Pursuant to the Parties' request, the Court will retain jurisdiction over these Actions and the Parties until final performance of the Settlement Agreement.

     8.     **Amendments.**  The Parties are hereby authorized, without requiring further approval from the Court, to agree to and adopt amendments and modifications to the Settlement Agreement, in writing and signed by the Parties, that are not inconsistent with this Final Order and that do not limit the rights of the members of the Settlement Class.

**SO ORDERED.**

Dated:  November 12, 2015

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE